LAWRENCE M. HADLEY - State Bar No. 157728
lhadley@glaserweil.com
STEPHEN E. UNDERWOOD - State Bar No. 320303
sunderwood@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Plaintiff
Core Optical Technologies, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORE OPTICAL TECHNOLOGIES, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation, EQUINIX, INC., a Delaware corporation, VERIZON COMMUNICATIONS, INC., a Delaware corporation, GOOGLE LLC, a Delaware limited liability company, AT&T, INC., a Delaware corporation, and BLOOMBERG L.P., a Delaware limited partnership.<br><br>  Defendants. | CASE NO: 21-cv-03075-VKD<br><br>**STIPULATION FOR STAY OF PROCEEDINGS** |

Plaintiff Core Optical Technologies, LLC ("Core") and Defendants Apple Inc., Equinix, Inc., Verizon Communications, Inc.[1], Google LLC, AT&T, Inc.[2], Bloomberg L.P. (together, the "Defendants") (collectively, "the Parties") hereby stipulate to, and request, a stay of the proceedings in this case. The Parties believe that the requested stay will advance judicial economy, by minimizing the use of resources on this case while the underlying case between Core and Juniper (N.D. Cal. Case No. 21-cv-02428 ("the *Juniper* case")) proceeds.

I.  BACKGROUND

On November 12, 2019, Core sued Juniper for infringement of certain method claims of Core's U.S. Pat. No. 6,782,211 ("the '211 patent"). Juniper contends that any liability for infringement of the '211 patent would be *de minimis*, or otherwise limited, because the asserted claims are all method claims—which can only be infringed by practicing the asserted methods—and the end users of the accused instrumentalities are Juniper's customers. While Core disputes Juniper's premise (and while Juniper and the Defendants dispute that there is any liability) Core sued the Defendants to ensure that Core is fully compensated for any scope of infringement that may be found.

Core brought the instant case against the Defendants on April 27, 2021. Subsequently, Core and the Defendants have discussed whether this case should be stayed to promote judicial economy and conserve resources, while the underlying *Juniper* case proceeds. The Parties have agreed to such a stay, which they now request.

///

---

[1] Verizon Communications Inc. (erroneously sued as Verizon Communications, Inc.) is a holding company and conducts no business with the public. By agreeing to this stipulation, Verizon Communications Inc. does not consent to jurisdiction or venue in this Court, does not agree it can or should respond to discovery in this matter, and expressly reserves all substantive and procedural defenses, including but not limited to FRCP 12(b)(1)-(7).

[2] AT&T Inc. is a holding company, and conducts no business with the public. By agreeing to this stipulation, AT&T Inc. does not consent to jurisdiction or venue in this Court, does not agree it can or should respond to discovery in this matter, and expressly reserves all substantive and procedural defenses, including but not limited to FRCP 12(b)(1)-(7).

## II. REQUEST FOR STAY

The Stipulating Parties hereby request that all proceedings between them in this case be STAYED and that the Parties be ordered to meet and confer and to jointly report to the Court regarding continuation of the stay and requested duration of the stay on or before the earlier of (i) May 31, 2022; or (ii) two weeks before the final pre-trial conference in the *Juniper* case. The Parties believe that such a stay is appropriate to conserve judicial and party resources while the *Juniper* case proceeds at least through discovery, claim construction, and dispositive motions. Juniper and the Defendants believe that a stay through trial is more appropriate. Core accuses the Defendants of infringing the patent-in-suit based on their purchase and use of Juniper's Accused Instrumentalities. Resolution of certain issues in the *Juniper* case could potentially streamline issues in this case. Thus, the Parties believe it is reasonable for the Court to stay proceedings between them at least until the earlier of May 31, 2022 or the two weeks before the final pre-trial conference in the underlying *Juniper* case, at which time the parties can revisit the stay.

The Parties further agree that, notwithstanding the stay, Core may serve the Defendants with a subpoena pursuant to Federal Rule of Civil Procedure 45. By entering into this stipulation for a stay, the Defendants are not waiving their right to otherwise object to the subpoenas, except that the entry of this stay shall not be used as a basis to refuse or object to the subpoena requests.

WHEREFORE, the Parties respectfully request that their requested stay be entered, and that all proceedings in this case, except as to any proceedings under Rule 45 in the underlying *Juniper* case, be STAYED, and that the Parties be ordered to meet and confer and to jointly report to the Court regarding continuation of the stay and requested duration of the stay on or before the earlier of: (i) May 31, 2022; or (ii) two weeks before the final pre-trial conference in the *Juniper* case.

/ / /

DATED:  May 25, 2021

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By: */s/Lawrence Hadley*
   LAWRENCE M. HADLEY
   STEPHEN E. UNDERWOOD
   Attorneys for Plaintiff
   Core Optical Technologies, LLC

DATED:  May 25, 2021

O'MELVENY & MYERS LLP

By: */s/ David S. Almeling*
   DAVID S. ALMELING
   AMY K. LIANG
   Attorneys for Defendant Google LLC

DATED:  May 25, 2021

AT&T SERVICES, INC.

By: */s/ Charles Evendorff*
   CHARLES EVENDORFF
   Attorneys for Defendant AT&T Inc.

DATED:  May 25, 2021

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Richard Martinelli*
   RICHARD MARTINELLI
   Attorneys for Defendant Equinix, Inc.

DATED:  May 25, 2021

VERIZON COMMUNICATIONS INC.

By: */s/ Michael Holden*
   MICHAEL HOLDEN
   Attorney for Defendant Verizon
   Communications Inc.

DATED: May 25, 2021         APPLE INC.

                            By: /s/ *Michael Pieja*
                                MICHAEL PIEJA
                                Attorney for Defendant Apple Inc.

DATED: May 25, 2021         BLOOMBERG L.P.

                            By: /s/ *David Levine*
                                DAVID LEVINE
                                Attorney for Defendant Bloomberg L.P.